Page 50 CONNECTICUT LAW JOURNAL August 17, 2021

574 AUGUST, 2021 337 Conn. 574

DANIEL KLEIN *v.* QUINNIPIAC UNIVERSITY
(SC 20405)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Ecker, Vertefeuille and Bright, Js.*

Argued June 10—officially released December 7, 2020**

*Procedural History*

Action to recover damages for the defendant's alleged
negligence, brought to the Superior Court in the judicial
district of New Haven and tried to the jury before *Wahla,
J.*; verdict and judgment for the defendant, from which
the plaintiff appealed to the Appellate Court, *Lavine*
and *Keller, Js.*, with *Bishop, J.*, dissenting, which affirmed
the trial court's judgment, and the plaintiff, on the grant-
ing of certification, appealed to this court. *Appeal dis-
missed.*

*Steven D. Jacobs*, for the appellant (plaintiff).

*James E. Wildes*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Daniel Klein, brought
this premises liability action against the defendant,
Quinnipiac University, for injuries he suffered while
riding his bicycle on the defendant's campus. Following
a trial, the jury returned a general verdict for the defen-
dant. The plaintiff appealed to the Appellate Court,
arguing that the trial court improperly declined to give
a licensee instruction to the jury and that the trial court
improperly admitted certain testimony regarding the plain-
tiff's speed. The Appellate Court concluded that the trial

* This case originally was scheduled to be argued before a panel of this
court consisting of Chief Justice Robinson and Justices McDonald, D'Auria,
Mullins, Ecker and Vertefeuille. Thereafter, Judge Bright was added to the
panel, and he has read the briefs and appendices, and listened to a recording
of the oral argument prior to participating in this decision.

** December 7, 2020, the date that this decision was released as a slip
opinion, is the operative date for all substantive and procedural purposes.

Klein *v.* Quinnipiac University

court properly declined to give a licensee instruction and that, even if it was error, it was harmless. The Appellate Court also concluded that the general verdict rule barred its review of the plaintiff's evidentiary claim. The plaintiff now appeals, following our grant of certification,[1] from the judgment of the Appellate Court, affirming the judgment in favor of the defendant. *Klein* v. *Quinnipiac University*, 193 Conn. App. 469, 470–71, 219 A.3d 911 (2019). On appeal, the plaintiff's claims are solely limited to the Appellate Court's ruling on his instructional claim. Specifically, the plaintiff claims that the Appellate Court incorrectly concluded that (1) the trial court did not err in failing to give the licensee instruction in the present case, and (2) any error was harmless.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

––––––––––––––––––––

[1] We granted the plaintiff's petition for certification to appeal from the Appellate Court, limited to the following issues: (1) "Did the Appellate Court correctly conclude that the trial court had properly decided to instruct the jury regarding the duty of care owed by a landowner to a trespasser but not to instruct the jury regarding the duty of care owed to a licensee?" And (2) "[i]f the answer to the first question is 'no,' did the Appellate Court correctly conclude that the error was harmless?" *Klein* v. *Quinnipiac University*, 334 Conn. 903, 219 A.3d 799 (2019).